UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARQUITA PITTMAN                                    JURY TRIAL DEMANDED

V.                                                  CASE NO. 3:10CV

THE BARBERINO BROTHERS, INCORPORATED
FIRST CITY FUNDING CORPORATION
CAPITAL ONE AUTO FINANCE, INC.
CORELOGIC, INC.
CREDIT ACCEPTANCE CORPORATION
CONSUMER PORTFOLIO SERVICES, INC.

**COMPLAINT**

1. This is an action for actual, statutory, and punitive damages and attorneys fees for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.;* the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691; and damages pursuant to Conn. Gen. Stat. §42-110a *et seq*.; for breach of contract; breach of the duty of good faith and fair dealing, for violation of the common law of misrepresentation, and seeking treble damages for conversion (§52-564); as well as statutory damages pursuant to the Uniform Commercial Code ("UCC"), the Connecticut Retail Installment Sales Financing Act ("RISFA"), and the Creditor's Collection Practices Act ("CCPA").

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), § 1691 e(f) and 28 U.S.C. § 1331 and §1367.

3. Plaintiff is a resident of New Haven Connecticut.

4. Plaintiff is a minority, single parent.

5. Defendant Barberino has a place of business at 505 N. Colony St, Wallingford CT 06492.

6. The transaction that plaintiff complains of is Barberino's sale and delivery of possession to plaintiff of a used 2008 Ford Edge on September 4, 2010. Barberino knew that plaintiff needed the vehicle for essential transportation. Despite acknowledging the completed sale several times, Barberino repossessed the vehicle on October 12, 2010, before the first payment was due. The other defendants accessed plaintiff's credit report and the inquiries adversely affected plaintiff's credit score. None of the defendants adverse action notice to plaintiff. except Capital One, whose notices were untimely.

7. During 2010, Barberino entered into more than 25 Retail Installment Contracts with individuals which were payable in more than four installments.

8. Before September 3, 2010, plaintiff received from defendant Capital One a pre-approval notice for the purchase of a car from Barberino valued up to $30,000.

9. On September 3, 2010, plaintiff went to Barberino, gave the salesman Mike the pre-approval notice and agreed to buy a 2009 maroon Nissan Murano.

10. On September 4, 2010, when plaintiff went to sign for and pick up the Murano, Barberino's Mike Mitch informed her that the Capital One pre-approval was good only for $21,000 and steered her to a 2008 Ford Edge.

11. On September 4, 2010, Barberino and plaintiff signed all the necessary documents, including a Retail Installment Sales Contract pursuant to which the first payment was due October 19, 2010, and the Odometer Disclosure Statement required upon transfer of ownership, and plaintiff made her deposit and drove off with the vehicle which she had duly insured.

12. On September 7, 2010, Barberino sent plaintiff a letter stating "Congratulations

on your recent purchase of a new vehicle."

13. On October 8, 2010, Barberino sent plaintiff a letter thanking her "for the confidence you have placed in our dealership with your recent purchase."

14. On October 12, 2010, defendant called plaintiff to come and pick up her plates. Once she got there, Barberino took the dealer plates off the vehicle and told her it could not sell her retail installment contract to a finance company on terms that were financially acceptable to Barberino, and therefore it was taking back the Ford Edge.

15. Plaintiff was not in default, since the first payment was not yet due.

16. Thereafter, Barberino has not complied in any respect with the repossession and resale provisions of the RISFA and the UCC, by reason of its utter failure to provide any statutory notices.

17. Except as otherwise stated herein, at no time did any defendant provide plaintiff with an adverse action notice as required by the ECOA.

18. On October 12, 2010, and thereafter, Capital One sent plaintiff untimely adverse action notices.

19. The retail installment contract included a charge of $199 for "VIN Etch," which was not provided.

20. The retail installment contract included a charge of $349 for a Dealer Conveyance Fee. The dealer did not perform the conveyance or any services for that fee.

21. The retail installment contract included third party charges for tax, registration and title fee which the dealer did not pay.

22. Defendant Barberino breached its contract by not complying with applicable

statutes. <u>Farmers' & Merchants' Bank v. Federal Reserve Bank</u>, 262 U.S. 649, 660 (1922); <u>Harlach v. Metropolitan Prop. & Liab. Ins</u>., 221 Conn. 185, 192, 602 A.2d 1007 (1992). See also <u>Walsh v. Waldron & Sons</u>, 112 Conn. 579, 582, 153 A. 298 (1931); <u>Ciarleglio v. Benedict & Co.</u>, 127 Conn. 291, 293, 16 A.2d 593 (1940).

23. The defendants' acts complained of herein were done or omitted as a matter of routine practice and procedure, intentionally and/or in reckless disregard of the rights of the consumer plaintiff.

DAMAGES

Due to the defendants' conduct, plaintiff lost the value of the moneys paid for car insurance, and suffered inconvenience, expense, and anxiety due to Barberino's acts.

WHEREFORE,  it is respectfully prayed that this Court:

1. Award statutory, actual, and punitive damages to the plaintiff under TILA, the UCC, RISFA, CUTPA, ECOA, CCPA, or common law, and treble damages for conversion.
2. Award costs and a reasonable attorney's fee.
3. Award such other or further relief as the  Court deems just or equitable.

THE PLAINTIFF

BY___/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER  ct04137
123 Avon Street
New Haven, CT  06511-2422
(203) 772-0395